UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL RASHARD EWING,

    Petitioner,         Civil No. 2:15-CV-10523

                             HONORABLE DENISE PAGE HOOD
v.                          CHIEF UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.
                                  /

OPINION AND ORDER ON REMAND (1) DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE, (2) MODIFYING THE TERMS OF THE CONDITIONAL GRANT, (3) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS ON THE REMAINING CLAIMS, (4) DENYING A CERTIFICATE OF APPEALABILITY, AND (5) GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

      This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. The Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court modifies the terms of its previous order granting a conditional writ of habeas corpus. The Court denies the petition with respect to the remaining claims.

## I. Background

      Darrell Rashard Ewing, ("Petitioner"), confined at the Kinross

1

Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through his attorneys Phillip D. Comorski and Byron Pitts, challenging his convictions for first-degree murder, M.C.L. § 750.316, three counts of assault with intent to commit murder, M.C.L. § 750.83, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L. § 750.227b.

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> These consolidated appeals arise from a shooting at the intersection of Harper and Van Dyke, in the city of Detroit on December 29, 2009. At the time of the shooting, J.B. Watson and his girlfriend, LaRita Thomas, were in Thomas's van along with Phillip Reed and Willie Williams. The van was stopped at the intersection of Harper and Van Dyke in Detroit for a traffic signal. Raymond Love testified that while driving on Harper, a turquoise vehicle turned onto Harper and the two vehicles drove side by side for a short while. Love identified the driver of the turquoise vehicle as Searcy. In that turquoise vehicle, there were also two other black males, one of which was later identified as Ewing. When Love reached the red traffic light at the Van Dyke intersection, the turquoise car pulled to the curb, staying back about six or seven car lengths. Ewing then exited the vehicle with a handgun drawn, approached Thomas's van, and fired many shots into the rear of the van. After shooting, Ewing retreated to the turquoise car, which by that time had moved into the middle

of Harper, and the car left in the opposite direction on Harper.

Watson died of injuries he received from the gunshot wounds. Reed was injured in the attack, with a bullet striking him in his left hand. Watson, Reed, and Williams are cousins and members of a gang identified as the Knock Out Boys (KOB). Searcy and Ewing were alleged to be members of a rival gang called the Hustle Boys.

*People v. Searcy*, Nos. 301751, 301758, 2013 WL 4609125, at *1 (Mich. Ct. App. Aug. 29, 2013).

Petitioner's conviction was affirmed on appeal. *Id.*, *lv. den.* 495 Mich. 935, 843 N.W.2d 200 (2014).

Petitioner sought a writ of habeas corpus on the following grounds:

I. Petitioner's due process rights were violated when the trial court failed to give the deadlocked jury instruction, thereby depriving petitioner of his federal constitutional rights of due process of law and a fair and impartial verdict, as guaranteed under the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

II. Petitioner was denied a fair trial and impartial jury under the federal constitution where, during jury deliberations, the jurors brought in extraneous information from Facebook and the internet about petitioner Ewing, Mr. Watson, gangs, and gang pecking orders, and the jurors used this information to convict petitioner Ewing.

III. Where Tyree Washington signed an affidavit after trial in which he confessed to the instant offenses, this newly discovered evidence requires that this petition be granted or, at least, that an evidentiary hearing be ordered.

3

This Court granted habeas relief on petitioner's second claim, finding that extraneous information had been brought into the jury room during deliberations, that the jurors had used this information to convict petitioner, and that the error was not harmless. This Court ordered the State of Michigan to either conduct a new trial or release petitioner from custody. This Court declined to address the other two claims. *Ewing v. Horton*, No. 2:15-CV-10523, 2017 WL 5564603 (E.D. Mich. Nov. 20, 2017).

Respondent appealed to the Sixth Circuit. The Sixth Circuit affirmed in part this Court's decision, agreeing that extraneous information had been used to convict petitioner. *Ewing v. Horton*, 914 F.3d 1027, 1030 (6th Cir. 2019). The Sixth Circuit, however, concluded that the proper remedy for this constitutional violation would not be a new trial but would be granting a writ of habeas corpus conditioned upon the state trial court conducting an evidentiary hearing pursuant to *Remmer v. United States*, 347 U.S. 227, 229–30 (1954) to determine what impact, if any, this extrinsic evidence had on the jurors' decision. *Id.,* at 1031-34. The Sixth Circuit remanded the matter to this Court to issue an amended order granting habeas relief. The Sixth Circuit also left it to this Court's discretion whether to address petitioner's remaining claims. *Id.,* at 1034.

4

## II. Discussion

### A. The Clerk of the Court is ordered to reopen the case.

Federal courts have the power to order that a habeas petition be reinstated in various contexts. *See e.g. Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). In light of the fact that this case has been remanded by the Sixth Circuit to this Court to amend the original order granting habeas relief and to consider petitioner's remaining claims, the Court will reopen the petition and order the Clerk of the Court to reinstate this case to the Court's active docket.

### B. The Court Amends the Terms of the Conditional Grant.

As per the directive from the Sixth Circuit, the original terms of the order granting habeas relief dated November 20, 2017, are amended as follows. The petition for a writ of habeas corpus is again granted on petitioner's second claim involving the use of extraneous influence. The grant is conditioned upon the state trial court conducting an evidentiary hearing on petitioner's juror misconduct claim within 120 days of this Court's order and making a determination as to whether the extraneous information had a prejudicial effect upon the jury's verdict. If the judge so finds, he or she shall order a new trial for petitioner. *Ewing v. Horton*, 914 F.3d at 1031-34.

**C. The remaining claims.**

**1. Standard of Review**

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a

prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S.

7

at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## 2. Claim # 1. The jury instruction claim.

In his first claim, petitioner claims that his due process rights were violated when the trial court failed to give the deadlocked jury instruction, CJI 2d 3.12, after the jury indicated that they were unable to reach a verdict. Petitioner further alleges that failure to give the instruction lead some jurors to conduct outside research. Respondent contends that this claim is procedurally defaulted, as petitioner failed to object at trial.

The Court notes that the Michigan Court of Appeals reviewed and rejected petitioner's first claim under a plain error standard because petitioner failed to preserve the issue as a constitutional claim.[1]

The AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. *See Stewart v. Trierweiler*, 867 F.3d 633, 638(6th Cir. 2017); *cert. den.* 138 S. Ct. 1998 (2018).

---

[1] Respondent urges this Court to deny this claim on the ground that it is procedurally defaulted because petitioner failed to object at trial. This Court notes that procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). This Court believes it would be easier to proceed to the merits of the claim.

The power of the writ of habeas corpus does not extend beyond the application of federal law and the federal courts cannot intervene in order to correct a perceived violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Furthermore, the burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *See Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).

The challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *See Jones v. United States*, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *See Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that

the jury misapplied the instruction. *Id.* at 191. A habeas petitioner's burden of showing prejudice is especially heavy when a petitioner claims that a jury instruction was incomplete, because an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *See Hardaway v. Withrow,* 305 F.3d 558, 565 (6th Cir. 2002).

While Petitioner argues that the judge should have given the jurors the deadlocked jury instruction, CJI 2d 3.12, a trial court's failure to do so, in response to a jury's indication of possible deadlock, "is not invariably fatal to the conviction." *See Bedford v. Collins,* 567 F.3d 225, 238 (6th Cir. 2009). The failure to give the jurors the deadlocked jury instruction, with its caveat about not surrendering one's honest beliefs, does not entitle petitioner to relief.

Petitioner further argues that the judge's instruction to the jurors to continue deliberating precipitated individual jurors to engage in improper outside research. The Michigan Court of Appeals rejected petitioner's claim, finding no evidence to establish when jurors engaged in the outside research and noted "that a trial court is not required to immediately provide the deadlocked jury instruction when a jury indicates that it is at an impasse[,]". *Searcy,* 2013 WL 4609125, at *7 (citing *People v. Lett,* 466 Mich. 206, 222–223; 644 N.W.2d 743 (2002)).

10

On the second full day of deliberations, the jury sent a message asking if it could "declare a hung jury" based on "a serious difference of opinion on the verdict." The trial court judge informed defense counsel of the inquiry and then instructed the jury to continue their deliberations. The next day, the jury was able to render a verdict.

It is axiomatic that "a trial court may properly encourage a deadlocked jury to continue its deliberations and attempt to reach a verdict." *U.S. v. Aloi,* 9 F.3d 438, 443 (6th Cir. 1993)(citing *Allen v. United States*, 164 U.S. 492, 501–02 (1896)). "A charge that strays too far from the charge approved in *Allen* will rise to the level of a constitutional violation only if 'in its context and under all the circumstances, [the charge] ... was coercive.'" *Id.* (quoting *Williams v. Parke*, 741 F.2d 847, 850 (6th Cir. 1984)(quoting *Jenkins v. United States*, 380 U.S. 445, 446(1965)). The judge's instruction to the jurors to continue deliberating was not unduly coercive, because the judge "did not pressure a decision in a particular direction." *U.S. v. Lash*, 937 F.2d 1077, 1086 (6th Cir. 1991). The Michigan Court of Appeals reasonably determined that it was in the trial court's discretion whether to provide the deadlock jury instruction and that failure to provide the instruction did not lead to juror misconduct;

therefore, petitioner is not entitled to habeas relief on his first claim. *See Early v. Packer,* 537 U.S. 3, 10-11 (2002).

### 3. Claim # 3. The newly discovered evidence claim.

Petitioner finally contends that he is entitled to a new trial based on newly discovered evidence. Petitioner alleges that his Fifth and Sixth Amendment rights where violated when the trial court denied his motion for a new trial to allow petitioner to present the affidavit of Tyree Washington, which petitioner submits is new, reliable, and trustworthy evidence of petitioner's innocence.

To the extent that petitioner seeks habeas relief based on his actual innocence, he would not be entitled to the issuance of a writ. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id., see also McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are not

cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007)(collecting cases).

Furthermore, the affidavit of Tyree Washington is not newly discovered evidence as reasonably determined by The Michigan Court of Appeals:

> "For a new trial to be granted on the basis of newly discovered evidence, a defendant must show that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial." "[N]ewly available evidence is not synonymous with newly discovered evidence sufficient to warrant a new trial."
>
> In this instance, Washington's assertion that he was the perpetrator of this crime is not newly discovered. Extensive testimony was elicited at trial from Christopher Richardson and LaJoia Stevenson indicating Washington's assertions of guilt for the death of Watson. Defense counsel was informed by the prosecutor that Washington was in federal custody and had implicated himself in this murder. Defense counsel was clearly aware of Washington's proposed testimony at the time of trial and the information was used, in part, to buttress Ewing's alibi defense that he was elsewhere at the time of the homicide. As such, it cannot be construed as newly discovered.
>
> In addition, "Michigan courts have held that a defendant's awareness of the evidence at the time of trial precludes a finding that the evidence is newly discovered, even if the evidence is claimed to have been 'unavailable' at the time of trial." Specifically, when a defendant knew or should have known that

a codefendant could provide exculpatory testimony, but did not obtain that testimony because the codefendant invoked the privilege against self-incrimination, the codefendant's posttrial statements do not constitute newly discovered evidence, but are merely newly available evidence.

In the circumstances of this case, Washington's assertion of culpability cannot be construed as newly discovered evidence. Information regarding Washington's provision of exculpatory information was made available during the trial, and two witnesses even testified regarding his alleged statements. While Washington has now provided an affidavit and indicated a willingness to testify, this evidence is only newly available and, therefore, insufficient to justify the grant of a new trial.

*Searcy*, 2013 WL 4609125, at *10 (internal citations omitted).

Petitioner is not entitled to habeas relief on his newly discovered evidence claim, because the affidavit of Tyree Washington is cumulative evidence of the trial testimony provided by Christopher Richardson and LaJoia Stevenson regarding Washington's assertions of guilt for the death of Watson. *See Pudelski v. Wilson*, 576 F.3d 595, 612 (6th Cir. 2009).

### III. A certificate of appealability

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's remaining claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a).

"Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that:

(1). The Clerk of the Court shall reopen the case to the Court's active docket.

(2). The conditional grant of a writ of habeas corpus dated November 20, 2017 is amended. The petition for a writ of habeas corpus is **GRANTED** on petitioner's second claim. Unless the State of Michigan take action to afford petitioner an evidentiary hearing on his juror misconduct claim in the Wayne County Circuit Court within 120 days of this Court's order, he may apply for release from custody.

(3). The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE** with respect to the remaining claims.

(4) A certificate of appealability is **DENIED.**

(5) Petitioner will be granted leave to appeal *in forma pauperis.*

s/Denise Page Hood
HON. DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated: April 30, 2019