UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL EWING,

      Petitioner,          Civil No. 2:15-CV-10523
                                 HONORABLE DENISE PAGE HOOD
v.                             CHIEF UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR AN
UNCONDITIONAL WRIT (ECF No. 24), MOOTING MOTIONS (ECF Nos.
27 and 29), DIRECTING CLERK TO SERVE PETITIONER A COPY OF
THIS ORDER, AND DIRECTING PETITIONER'S COUNSEL TO FILE
NOTICE OF THE STATUS OF HIS APPEARANCE**

Petitioner filed a motion for the Court to issue an unconditional grant

of a writ of habeas corpus.  For the reasons that follow, the motion is

DENIED.

This Court originally granted habeas relief on petitioner's second

claim, finding that extraneous information had been brought into the jury

room during deliberations, that the jurors had used this information to

convict petitioner, and that the error was not harmless.  This Court ordered

the State of Michigan to either conduct a new trial or release petitioner from

1

custody. *Ewing v. Horton*, No. 2:15-CV-10523, 2017 WL 5564603 (E.D. Mich. Nov. 20, 2017).

The Sixth Circuit affirmed in part this Court's decision, agreeing that extraneous information had been used to convict petitioner. *Ewing v. Horton*, 914 F.3d 1027, 1030 (6th Cir. 2019).  The Sixth Circuit, however, concluded that the proper remedy for this constitutional violation would not be a new trial but would be granting a writ of habeas corpus conditioned upon the state trial court conducting an evidentiary hearing pursuant to *Remmer v. United States*, 347 U.S. 227, 229–30 (1954) to determine what impact, if any, this extrinsic evidence had on the jurors' decision. *Id.,* at 1031-34.  The Sixth Circuit remanded the matter to this Court to issue an amended order granting habeas relief. *Id.,* at 1034.

On April 30, 2019, this Court modified the terms of the original grant and ordered the state trial court to conduct an evidentiary hearing on petitioner's juror misconduct claim within 120 days of this Court's order and make a determination as to whether the extraneous information had a prejudicial effect upon the jury's verdict. *Ewing v. Woods,* No. 2:15-CV-10523, 2019 WL 1923197, *2 (E.D. Mich. Apr. 30, 2019).

On October 21, 2019, this Court granted respondent's motion for an extension of time for compliance with the terms of the conditional grant.

Petitioner in his current motion indicates that a *Remmer* evidentiary hearing was conducted before the trial court judge.  Petitioner states that after taking testimony from four jurors, the judge concluded that extraneous information had been taken into the jury room, that this information impacted the jury, and that the error was not harmless.  The judge ordered a new trial for petitioner on October 24, 2019.  The prosecutor appealed the order for new trial and the matter is currently before the appeal courts. Petitioner argues that because Respondent failed to obtain a stay of judgment pending appeal from this court, Petitioner is entitled to a conditional writ and an order voiding the state condition.

Respondent responds that the trial court followed this Court's order that a *Remmer* hearing be held and that this Court's jurisdiction ended when the hearing was held because the terms of the conditional writ has been met.  Respondent claims that it has the right to appeal the trial court's order granting a new trial.  Respondent further claims that if Petitioner does not agree with the outcome of any appeal through the Michigan appellate

3

courts, Petitioner may thereafter file a petition for writ of habeas corpus based on any new outcome of the appeal process.

A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F.3d 687, 692 (6th Cir. 2006).  If, on the other hand, the respondent meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Id.* When the state fails to cure the error, i.e., when it fails to comply with the conditions of a grant of a conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006).

On October 16, 2019, this Court entered an order finding that "the State has complied with the conditional writ" after the trial court held the *Remmer* hearing.  Because the trial court has held the *Remmer* hearing, as held by the Sixth Circuit, "the habeas court [this Court] does not retain any further jurisdiction over the matter." *Gentry,* 456 F.3d at 692  The Court has no authority to issue any further writs or orders in this matter since the

4

State complied with this Court's order, as required by the Sixth Circuit Court of Appeal's opinion.

As noted by the Respondent, if Petitioner does not agree with any rulings by the Michigan appellate courts (court of appeals and supreme court), and any such claims have been exhausted as required by § 2254, Petitioner has the right to file a ***new*** petition of writ of habeas corpus before the federal courts based on any ***new*** rulings by the Michigan appellate courts issued after the State trial court held a *Remmer* hearing and ordered a new trial based on its findings from the hearing.

Accordingly,

IT IS HEREBY ORDERED THAT:

1) The motion for an unconditional writ (ECF No. 24) is DENIED.

2) The Motion for immediate consideration (ECF No. 27) and the Motion for Extension of Time to File Reply (ECF No. 29) are now rendered MOOT.

3) **The Clerk serve Petitioner a copy of this Order via U.S. mail.**

4) That Phillip D. Comorski file a Notice indicating whether he still represents Petitioner in this matter **within 14 days from the entry of this Order** since Petitioner appears to be filing matters pro se.

5

If Mr. Comorski no longer represents Petitioner, an appropriate

withdrawal should be filed so that Petitioner is properly served with

documents and orders in this matter as a pro se litigant.


s/Denise Page Hood
United States District Court Judge

DATED: November 9, 2020